1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   MARC H. AXELBAUM (SBN 209855)
2  marc.axelbaum@pillsburylaw.com
   ERICA N. TURCIOS (SBN 271655)
3  erica.turcios@pillsburylaw.com
   Four Embarcadero Center, 22nd Floor
4  San Francisco, CA  94111
   Telephone:     (415) 983-1000
5  Facsimile:     (415) 983-1200

6  Specially Appointed Attorneys for Defendant
   JAMES MURRAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES MURRAY, <br><br> Defendant. | Case No. CR 12-0278 EMC <br><br> STIPULATION AND [PROPOSED] ORDER CONTINUING DATE OF HEARING ON DEFENDANT'S MOTION TO REVOKE DETENTION ORDER AND EXCLUDING TIME UNDER SPEEDY TRIAL ACT |

Plaintiff UNITED STATES OF AMERICA and Defendant JAMES MURRAY ("Defendant"), HEREBY STIPULATE, through their undersigned counsel, as follows:

1.  WHEREAS, following a hearing on October 3, 2012 on the government's Motion for Revocation of Defendant's Pretrial Release (Dkt. 46), Magistrate Judge Cousins revoked Defendant's pretrial release and detained Defendant (Dkts. 47, 50), but granted Defendant leave to present further evidence in opposition to the Motion for Revocation (Dkt. 50);

1 | 2. WHEREAS, following evidentiary hearings held on October 24, 2012 and on December 18, 2012 on the government's Motion for Revocation, Judge Cousins issued an order dated December 19, 2013 detaining Defendant (Dkt. 82);

3. WHEREAS, on January 16, 2013, Defendant filed a Motion for Revocation of Magistrate Judge's Order Revoking Defendant's Release on Bond and for De Novo Review of Magistrate Judge's Order of Detention ("Motion to Revoke"), setting the Motion to Revoke for hearing on February 6, 2013 (Dkt. 94);

4. WHEREAS on February 4, 2013, the government sent a letter to the Court expressing its concern that Defendant's retained counsel of record, Garrett J. Zelen, had a conflict of interest arising from certain alleged financial transactions that the government alleged prevented Mr. Zelen from continuing to represent Defendant;

5. WHEREAS at the hearing originally scheduled on Defendant's Motion to Revoke, the Court ordered that advisory counsel be specially appointed to advise Defendant on the conflict-of-interest issue, and continued the hearing on Defendant's Motion to Revoke to March 6, 2013;

6. WHEREAS, on February 8, 2013, Magistrate Judge James specially appointed Marc H. Axelbaum as Advisory Counsel to Defendant on the conflict of interest issue pursuant to the Criminal Justice Act (Dkt. 96);

7. WHEREAS on February 27, 2013, the government filed a Motion to Disqualify Mr. Zelen as counsel for Defendant (Dkt. 99) and Defendant filed a Memorandum of Points and Authorities re Allegation of Conflict of Interest, Waiver of any Alleged Conflict of Interest and Request for Evidentiary Hearing (Dkt. 98);

8. WHEREAS on March 6, 2013, this Court held a hearing on the government's Motion to Disqualify and the conflict and waiver issues raised by Defendant and took the matter under submission, continuing until April 3, 2013 the hearing on Defendant's Motion to Revoke;

9. WHEREAS during the March 6, 2013 hearing, Mr. Zelen stated that if the Court were to disqualify him, he believed Defendant would qualify for appointed counsel (RT 31:4-7);

10. WHEREAS on March 11, 2013, the Court issued an order disqualifying Mr. Zelen as Defendant's counsel, ordering that the duty magistrate "immediately set a hearing on identification of counsel." (Dkt. 103, p.9);

11. WHEREAS Defendant wishes to have the Court appoint counsel to represent him in further proceedings in this case;

12. WHEREAS on March 19, 2013, Judge Cousins specially appointed Mr. Axelbaum for the limited purpose of advising Defendant in completing a Financial Declaration in Support of Request for Attorney Under the Criminal Justice Act ("CJA-23 Form");

13. WHEREAS Defendant and Mr. Axelbaum need time to obtain and review documents in order to ensure that Defendant accurately completes the CJA-23 Form, particularly in light of the complexity of various allegations in the case surrounding Defendant's financial position and certain alleged financial transactions of Defendant;

14. WHEREAS, if the Court determines that Defendant qualifies for court-appointed counsel and appoints new counsel, new counsel will need sufficient time to become familiar with the case and effectively prepare for the hearing on Defendant's Motion to Revoke Judge Cousins' detention order and to prepare for the case in general;

15. WHEREAS Mr. Axelbaum and Defendant have conferred, and Defendant has agreed to continue the hearing on the Motion to Revoke;

16. WHEREAS the government has agreed to continue the hearing on the Motion to Revoke;

17. WHEREAS as soon as Defendant and Mr. Axelbaum have had an opportunity to obtain and review the documents necessary to complete the CJA-23 Form and Defendant has finalized the Form, Defendant will submit the Form to Judge Cousins and set the matter for identification of counsel;

1 THEREFORE, Plaintiff and Defendant respectfully request that the Court vacate the April 3, 2013 hearing on Defendant's Motion to Revoke detention, and continue the hearing to May 8, 2013. Should the process necessary to complete the CJA-23 Form and have counsel identified take less time than anticipated, Defendant may seek to have the hearing on the Motion to Revoke advanced to an earlier date on the Court's calendar. The parties also jointly request that the Court exclude the period from April 3, 2013 to May 8, 2013 from calculations under the Speedy Trial Act based on the need for Defendant to obtain counsel, ensure continuity of counsel and for effective preparation of Defendant's new counsel, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

Dated: March 26, 2013

PILLSBURY WINTHROP SHAW
  PITTMAN LLP
MARC H. AXELBAUM
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111

By   /s/ Marc H. Axelbaum
  Specially Appointed Attorneys for
  Defendant JAMES MURRAY

Dated: March 26, 2013

MELINDA HAAG
United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102

By   /s/ Robin L. Harris
  Robin L. Harris
  Assistant United States Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] ORDER

Based on the facts set forth in the foregoing stipulation, the Court finds that, taking into account the public interest in the prompt disposition of criminal cases, granting the continuance of Defendant's Motion to Revoke until May 8, 2013, is necessary for the potential appointment of counsel, continuity of counsel and the effective preparation of counsel for Defendant. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Given these circumstances, the Court finds that the ends of justice served by excluding the period from April 3, 2013 to May 8, 2013 outweigh the best interest of the public and Defendant in a speedy trial. *Id.* § 3161(h)(7)(A).

Accordingly, the Court (1) vacates the hearing previously set for April 3, 2013, at 2:30 p.m.; (2) sets a hearing on May 8, 2013, at 2:30 p.m.; and (3) orders that the period from April 3, 2013 to May 8, 2013 be excluded from Speedy Trial Act calculations under 18 U.S.C. §§ 3161(h)(1)(D) and 3161(h)(7)(A) and (B)(iv).

IT IS SO ORDERED.

Dated: March __, 2013

_____
Honorable
UNITED ST

[Stamp: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Edward M. Chen]